DICKINSON WRIGHT PLLC
RASIKA A. KULKARNI, Cal. Bar No. 321344
2600 W. Big Beaver Road, Suite 300
Troy, Michigan 48084
Telephone: (248) 433-7200
E-mail: rkulkarni@dickinsonwright.com

DICKINSON WRIGHT PLLC
Robert L. Avers (P75396), *admitted pro hac vice*
Mark V. Heusel (P47528), *admitted pro hac vice*
350 S. Main St., Ste. 300
Ann Arbor, MI 48104
Telephone: (734) 623-7075
ravers@dickinsonwright.com
mheusel@dickinsonwright.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
　A Limited Liability Partnership
　Including Professional Corporations
JACK BURNS, Cal. Bar No. 290523
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:　619.338.6500
E mail　　　jburns@sheppardmullin.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MULLEN TECHNOLOGIES, INC., a California corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>QIANTU MOTOR (SUZHOU) LTD., a limited liability company; and DOES 1-50,<br><br>　　　　　　　　　　Defendants. | Case No.:  19-CV-1979-W-AHG<br><br>Hon. Thomas J. Whelan<br>Court Room No. 3C<br>Hearing Date: January 13, 2020<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT TO BE FILED CONTEMPORANEOUSLY**<br><br>**NO ORAL ARGUMENT PURSUANT TO LOCAL RULE** |

PLEASE TAKE NOTICE that on January 13, 2010, Defendant Qiantu Motor (Suzhou) Ltd. ("Qiantu"), hereby moves this Court for sanctions under Fed. R. Civ. P. 11 against Plaintiff Mullen Technologies, Inc. ("Mullen"). In support of this Motion, Qiantu states:

1. Mullen commenced the present action on October 11, 2019, asserting claims for breach of contract, declaratory relief, reformation, rescission, fraud, and a violation of California's Business and Professions Code.

2. Mullen's claims all arise out of the Parties' respective obligations under a certain Exclusive Cooperation and Vehicle Assembly Agreement (the "Agreement") initially formalized by Qiantu and Mullen on May 25, 2019 (the "First Agreement").

3. Immediately after executing the First Agreement, Mullen requested that the parties renegotiate the Agreement.

4. Despite Mullen's untimely request, Qiantu acquiesced to the renegotiation of the Agreement such that the parties could begin their relationship on a positive note.

5. The parties then mutually negotiated, and approved, several changes and supplemental terms to the First Agreement, entering into a subsequent version of the Agreement on July 30, 2019 (the "Amended Agreement"), which superseded the terms of the First Agreement.

6. As a result, the Amended Agreement is the operative, binding contract between the Parties.

7. Despite the fact that Mullen itself requested and participated in the renegotiations that ultimately led to the execution of the Amended Agreement, Mullen has failed to identify in its Complaint that the parties formalized the Amended Agreement by signing and executing it. Instead, Mullen asserts that parties only formalized the First Agreement, despite having knowledge that this is untrue, and alleges that Qiantu added its own terms into the First Agreement, unbeknownst to Mullen, again despite having knowledge that this is untrue.

8. Thus, Mullen has grossly mischaracterized for the Court the factual circumstances surrounding the negotiation and execution of the Amended Agreement despite Mullen's possession of evidence that directly contradicts their own assertions.

9. The irrefutable evidence demonstrates that Mullen and its counsel knew or should have known that the facts alleged in the Complaint seriously misrepresent the realities of the parties' contractual relationship and the facts surrounding the negotiation of the Agreement, Mullen's default of the Amended Agreement, and Mullen's awareness of its breaches. Thus, it is apparent that Mullen and its attorney have filed the Complaint in an effort to mislead this Court.

10. On November 21, 2019, and pursuant to Fed. R. Civ. P. 11(c)(2), Qiantu served on Mullen a copy of the present Motion with a letter demanding Mullen to withdraw the Complaint by voluntary dismissal within 21 days on the grounds that the Complaint contains a multitude of factual inaccuracies that are known to Mullen. (Certified Mail Receipt, **Exhibit M**; E-mail Service, **Exhibit N**).

11. Mullen failed or refused to withdraw the Complaint by voluntarily dismissing it within 21 days of being served with the present Motion. Qiantu thereafter filed the instant Motion with this Court as required by Rule 11.

12. Qiantu requests that the Court grant its Motion pursuant to Rule 11 and sanction Mullen in a monetary amount sufficient both to prevent further misconduct and to compensate Qiantu for its costs and reasonable attorney fees incurred to date.

13. Additional factual and legal support for this Motion is set forth in the Memorandum of Facts and Authorities to be filed contemporaneously with the Court.

    Respectfully submitted,

/s/ Jack Burns
Jack Burns
**Sheppard, Mullin, Richter & Hampton LLP**
501 West Broadway, 19th Floor
San Diego, California 92101-3598

|   |   |
|---|---|
| 1 | Phone: (619) 338-6500 |
| 2 | |
| 3 | Rasika A. Kulkarni (321344)<br>**DICKINSON WRIGHT PLLC** |
| 4 | 2600 W. Big Beaver Rd., Suite 300<br>Troy, MI 48084 |
| 5 | (248) 433-7200<br>rkulkarni@dickinsonwright.com |

Robert L. Avers (P75396), *to be admitted pro hac vice*
**DICKINSON WRIGHT PLLC**
350 S. Main St., Ste. 300
Ann Arbor, MI 48104
Telephone: (734) 623-1672
ravers@dickinsonwright.com

Mark V. Heusel (P47528), *to be admitted pro hac vice*
**DICKINSON WRIGHT PLLC**
350 S. Main St., Ste. 300
Ann Arbor, MI 48104
Telephone: (734) 623-1908
mheusel@dickinsonwright.com

*Attorneys for Defendant*

Dated: December 13, 2019